**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ABDUL AZIZ DANLAD, | ) | CASE NO. 4:18-cv-382 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT (ICE), | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

**I. Procedural Background**

Abdul Aziz Danlad (hereinafter "Petitioner" or "Danlad"), a citizen of Ghana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 16, 2018, challenging his detention pending removal from the United States. (R. 1). On May 1, 2018, Respondent, the Attorney General of the United States (hereinafter "Respondent"), filed his Answer/Return of Writ, which acknowledged that Petitioner, at that time, was "detained under 8 U.S.C. § 1231(a)(6), awaiting removal from the United States." (R. 5, PageID# 21).[1] On May

---

[1] The Respondent also asserted that ICE requested travel documents for Petitioner from the government of Ghana on or about April 25, 2017, and "it is significantly likely that Abdul Aziz will be removed from the United States in the reasonably foreseeable future." (R. 5, PageID# 22).

14, 2018, Petitioner filed a response arguing that his detention was unlawful, as he believed it was highly unlikely that he would be deported in the reasonable future. (R. 6, PageID# 45). Because Danlad had been removed to his native country, Ghana, on September 20, 2018, Respondent filed a motion to dismiss for lack of subject matter jurisdiction on October 11, 2018. (R. 8).

## II. Motion to Dismiss Standard

A motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may take the form of either a facial or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself, while a factual attack challenges the factual existence of subject-matter jurisdiction, regardless of what is alleged in the pleadings. *Id*.

When adjudicating a motion to dismiss based upon a facial attack, the Court must accept all material allegations of the complaint as true and must construe the facts in favor of the non-moving party. *Ritchi*e, 15 F.3d at 598 (*citing Scheuer v. Rhodes*, 416 U.S. 232, 235-237, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); *see also Robinson v. Gov't of Malay*., 269 F.3d 133, 140 (2d Cir. 2001) (holding that all reasonable inferences must be drawn in favor of the plaintiff when evaluating a facial attack on subject-matter jurisdiction).

By contrast, a factual attack contests the validity of the facts alleged as support for subject-matter jurisdiction. *Ritchie*, 15 F.3d at 598. With a factual challenge, no presumption of truthfulness arises for either party, and the court must weigh the evidence to determine its power to hear the case. *Id*. (*citing Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). In this analysis, the court may consider both the pleadings and evidence not contained in the pleadings. *Makarova v. United States*, 201 F.3d 110 (2d Cir.2000).

### III. Analysis

A federal district court may entertain an application for habeas relief only by a person held "in custody under or by color of the authority of the United States," or "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). A prior decision from this district thoroughly explains this court's authority concerning habeas petitions challenging detention pending removal.

> Under 8 U.S.C. § 1226, the Attorney General may arrest and detain an alien pending a decision on whether the alien is to be removed from the United States ("the pre-removal period"). During the pre-removal period, detention without release on bond is mandatory for certain classes of noncitizens. *See* 8 U.S.C. § 1226(c)(1) and (2). The pre-removal period begins when the petitioner is taken into ICE custody and continues until he receives an administratively final order of removal. An order of removal becomes administratively final upon "a determination by the Board of Immigration Appeals affirming such order." 8 U.S.C. § 1101(a)(47)(B).[2]
>
> After the order of removal becomes administratively final, the Attorney General "shall detain the alien" during the 90–day removal period under 8 U.S.C. § 1231(a)(2). *See Zadvydas v. Davis*, 533 U.S. 678, 683, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); *see also Morales–Fernandez v. I.N.S.*, 418 F.3d 1116, 1123 (10th Cir. 2005). The Government generally is required to remove an alien in its custody within the 90–day removal period. *See* 8 U.S.C. § 1231(a)(1)(A)–(B).
>
> The Government may, however, detain an inadmissible or criminal alien beyond the statutory removal period. *See* 8 U.S.C. § 1231(a)(6). The Government's ability to detain an alien under this provision is not unlimited. *Zadvydas*, 533 U.S. at 699, 121 S.Ct. 2491. To avoid a "serious constitutional threat," the Supreme Court interpreted the post-removal-period detention statute to prohibit continued detention "once removal is no longer reasonably foreseeable...." *Id*. Detention of an alien subject to a final order of removal for up to six months is presumptively reasonable given the time needed to accomplish the removal. *Id*. at 701, 121 S.Ct.

---

[2] In the case at bar, Petitioner conceded that he was subject to a removal order and that his subsequent appeal of said order was dismissed. (R. 1, PageID# 5). On July 12, 2016, ICE issued Danlad a Notice to Appear, charging him as removable under 8 U.S.C. § 212(a)(7)(A)(i)(I). (R. 5-1, Exh. A at ¶¶3-5, PageID# 31-33, Declaration of Thomas Koval, Deportation Officer). On November 30, 2016, an Immigration Judge ordered Danlad removed from the United States. *Id*. ¶ 6. Danlad appealed the removal order, which was dismissed, and Danlad was order removed from United States on April 17, 2017. *Id*.

> 2491. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701, 121 S.Ct. 2491. **Detention beyond six months, however, does not, by itself, mean that the alien must be released**. *Id*.
>
> \*\*\*
>
> The Supreme Court held that the removal period statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 689, 121 S.Ct. 2491. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699, 121 S.Ct. 2491.
>
> The Court went on to hold that a period of six months was recognized as a "presumptively reasonable period of detention." *Id*. at 701, 121 S.Ct. 2491. If, after six months, the alien provides a good reason to believe there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id*. This, however, does not mandate the release of every alien after six months. **An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.**" *Id*.

*Jiang Lu v. U.S. ICE*, 22 F. Supp. 3d 839, 841–43 (N.D. Ohio 2014) (Nugent, J.) ("Merely alleging that a date for travel has not yet been set, is insufficient to demonstrate indefinite detention.") (emphasis added).

The issue of whether there existed a significant likelihood of removal in the reasonably foreseeable has been rendered moot by Petitioner's removal. Danlad was removed from the United States on September 20, 2018 via a commercial flight to Ghana. (R. 8-2, Exh. A at ¶6, PageID# 61, Declaration of Thomas Koval, Deportation Officer). The Sixth Circuit has held that a § 2241 petition for writ of habeas corpus that challenges an alien's detention pending removal is rendered moot by the alien's actual removal from the United States. *See Enazeh v. Davis*, 107 Fed. App'x 489, 491 (6th Cir. 2004); *accord Ibrahim v. Sessions*, No. 4:18CV122, 2018 WL 3548827 at \*1 (N.D. Ohio July 24, 2018) ("Because Petitioner has been removed from the

4

United States and therefore released from ICE custody, no live case or controversy exists over which a district court may assert jurisdiction.") (Adams, J.); *Lin Su Fang v. Holder*, No. 1:11 CV 313, 2011 WL 2784496, at *3 (N.D. Ohio July 14, 2011) (finding that the court lacks subject-matter jurisdiction to address an alien's habeas petition, after removal, where the only relief sought was release from custody).

Petitioner sought only relief from custody (R. 1, PageID# 8), and his petition has been rendered moot by his removal. Because Petitioner is no longer in custody, the court lacks jurisdiction over his habeas petition and it is recommended that the motion to dismiss (R. 8) be GRANTED.

## IV. Conclusion

For the foregoing reasons, it is recommended that Danlad's Petition be DISMISSED.

/s/ David A. Ruiz
U.S. MAGISTRATE JUDGE

Date: October 18, 2018

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**; *Thomas v. Arn*, **474 U.S. 140 (1985)**, *reh'g denied*, **474 U.S. 1111 (1986).**